UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RICHARD CASTRO, ROLANDO GUZMAN, IRMA LEIBAS, and ANTHONY LOTT, <br><br> Plaintiffs, <br><br> v. <br><br> THOMAS DART and COOK COUNTY <br><br> Defendants. | Case No. 19-cv-00471 <br><br> Judge Martha M. Pacold |

## MEMORANDUM OPINION AND ORDER

Plaintiffs Richard Castro, Rolando Guzman, Irma Leibas, and Anthony Lott are correctional officers with the Cook County Sheriff's Office. Plaintiffs filed this lawsuit against Defendants Thomas Dart, the Sheriff of Cook County, and Cook County alleging that Defendants' sick leave policy, which in certain circumstances requires correctional officers to generally remain at home if they call in sick, violates Plaintiffs' constitutional rights. Currently before the court are the parties' cross-motions for summary judgment. [112]; [115]; [118].[1] For the reasons explained below, Defendants' motions are granted and Plaintiffs' motion is denied.

## BACKGROUND

The following facts are undisputed. Plaintiffs are correctional officers employed by the Cook County Sheriff's Office. [123] ¶ 1. Plaintiffs are represented by the International Brotherhood of Teamsters, Local Union No. 700. *Id.* ¶ 4.

In 2017, the Union and Sheriff's Office agreed on a new Collective Bargaining Agreement (the "2017 CBA") intended, at least in part, to address the Sheriff's Office's concerns over perceived attendance issues related to employees calling in

---

[1] Bracketed numbers refer to docket entries and are followed by page and / or paragraph numbers. Page numbers refer to the CM/ECF page number.

sick or taking medical leave when they could not use preapproved vacation or personal time. *Id.* ¶¶ 5–10, 15.

Section 8.2.H of the 2017 CBA imposed certain requirements if an employee called in sick. Most relevant here, Section 8.2.H required employees to remain in their home for the duration of any missed shifts, report any time they left their home, allowed the Sheriff's Office to call the employee's home or send personnel there to verify that they were at home, and imposed disciplinary penalties for those who did not follow the policy:

> An Officer/Investigator who calls in sick must remain in his or her home for the duration of his or her missed shift. Any time he or she has to leave his or her home (e.g. doctor's appointment, pick up medicine, etc.) he or she must report the movement to the medical call in line. The Officer/Investigator must indicate the location of where he or she is going and the expected duration of the time away from home, this includes care in another person's home. The medical call in line may call his or her home or cell phone at any time throughout the missed shift to verify that he or she is at home. The Sheriff reserves the right to send personnel to the Officer's/Investigator's home to verify his or her location. The first violation of this language shall result in a three (3) day suspension, the second violation shall result in a fifteen (15) day suspension, the third violation shall result in a twenty-nine (29) days suspension and the fourth (4) violation shall result in a Merit Board complaint register being filed for discipline, to include termination. If the Officer goes six (6) months without an infraction, he shall go down one step in the progressive discipline process.

*Id.* ¶ 17.

In 2018, each Plaintiff took sick leave and was subjected to Section 8.2.H as well as related procedures implemented by the Sheriff to enforce it (together, "home-check provisions"). [125] ¶¶ 43–46.

The 2017 CBA expired in December 2021 and is no longer active. [123] ¶¶ 15, 19.

In December 2021, Defendants and the Union reached agreement on a new CBA (the "2020 CBA").[2] *Id.* ¶ 18. The 2020 CBA kept the 2017 CBA's home-check provisions but made certain modifications. Most relevant here, instead of applying to any Officer or Investigator "who calls in sick," *id.* ¶ 17, the 2020 CBA's home-check provisions apply only to those "for whom a pattern of medical time misuse has

---

[2] Although not agreed upon until 2021, the court refers to this agreement as the "2020" CBA because that is how the parties refer to it.

been demonstrated" or who "call in sick on any one of up to 12 designated days during the calendar year" chosen by the Sheriff, *id.* ¶ 21. The 2020 CBA ends on November 30, 2024. *Id.* ¶ 18.

Plaintiffs contend that the home-check provisions violate their constitutional rights under the First, Fourth, Ninth, and Fourteenth Amendments by compelling them to stay home instead of, for example, exercising the right to vote, attending church, or traveling interstate. Plaintiffs seek only declaratory and injunctive relief. [16] ¶¶ 31, 40.

The parties filed cross-motions for summary judgment. Defendants argue, among other things, that Plaintiffs lack standing because they have no evidence that they are likely to be subjected to the 2020 CBA's home-check provisions in the future.

## LEGAL STANDARDS

Summary judgment is proper where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A genuine dispute as to any material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

"The standard for demonstrating the jurisdictional facts at summary judgment is whether the plaintiffs have supplied evidence of 'specific facts' that, taken as true, show each element of standing." *Spuhler v. State Collection Serv., Inc.*, 983 F.3d 282, 286 (7th Cir. 2020) (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992)).

## DISCUSSION

Defendants assert that Plaintiffs lack standing because they have no evidence that they face an imminent threat of any future injury. "To establish Article III standing, 'a plaintiff must show (1) it has suffered an "injury in fact" that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Silha v. ACT, Inc.*, 807 F.3d 169, 173 (7th Cir. 2015) (quoting *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180–81 (2000)). "A plaintiff bears the burden of showing that she has standing for each form of relief sought." *Simic v. City of Chicago*, 851 F.3d 734, 738 (7th Cir. 2017).

Here, Plaintiffs seek prospective declaratory and injunctive relief. [16] ¶¶ 31, 40. "To have standing for prospective injunctive relief, a plaintiff must face a 'real

3

and immediate' threat of future injury as opposed to a threat that is merely 'conjectural or hypothetical.'" *Simic*, 851 F.3d at 738 (quoting *City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983)). "[A] past injury alone is insufficient to establish standing for purposes of prospective injunctive relief." *Id.*; *see also Whitmore v. Arkansas*, 495 U.S. 149, 158 (1990) ("Allegations of possible future injury do not satisfy the requirements of Art. III."). The same principles govern standing for declaratory relief. *See Sierakowski v. Ryan*, 223 F.3d 440, 443–45 & n.2 (7th Cir. 2000); *Smith ex rel. Smith v. Health Care Serv. Co.*, No. 19 C 7162, 2021 WL 963814, at *4 (N.D. Ill. Mar. 15, 2021).

So, at this stage, Plaintiffs must put forward evidence showing, among other things, that a "threatened injury is 'certainly impending,' or there is a 'substantial risk' that the harm will occur." *Swanigan v. City of Chicago*, 881 F.3d 577, 583 (7th Cir. 2018) (quoting *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 158 (2014)). But the evidence shows only that, in 2018, Plaintiffs were all subjected to the 2017 CBA's home-check provisions. [125] ¶¶ 43–46. Although this may be sufficient to show a past injury under the 2017 CBA, it is "insufficient to establish standing for" prospective relief.[3] *Simic*, 851 F.3d at 738; *see also Knox v. McGinnis*, 998 F.2d 1405, 1413 (7th Cir. 1993) ("[P]ast exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief." (quoting *O'Shea v. Littleton*, 414 U.S. 488, 495 (1974))).

Similarly, Plaintiffs do not put forward any evidence showing that they are at risk of being subjected to the 2020 CBA's home-check policies in the future, let alone that such a risk is substantial or that such a threat is certainly impending. The 2020 CBA's home-check provision "applies only to officers/investigators for whom a pattern of medical time misuse has been demonstrated" or to persons "who call in sick on any one of up to 12 designated days . . . which shall be designated by the Sheriff." [123] ¶ 21. "Medical time misuse" is defined to mean:

- [1] "three (3) or more instances of medical time use over a sixty (60) day rolling period that are on the day before or the day after any scheduled benefit day off," *id.*, or
- [2] "three (3) or more instances of medical time use over a sixty (60) day rolling period, on the same week or weekend day," *id.*, or
- [3] "use of three (3) or more instances of medical time over a sixty (60) day rolling period when the member has eight or less hours of accrued medical time," *id.*

Plaintiffs cite no evidence in the record to support that any of them are at risk of being found to engage in "medical time misuse" as defined above or that they

---

[3] The fact that the 2017 CBA is no longer in force may also render any challenge to it moot. [123] ¶¶ 15, 19. The parties, however, have not addressed this issue and the court need not reach it.

4

will take sick leave on any of the specific days designated by the Sheriff. In other words, Plaintiffs have not submitted any evidence that the 2020 CBA's home-check provisions are likely to be applied to them in the future. Thus, they have not met their burden to show that they have standing.[4] *See Doe v. Purdue Univ.*, 928 F.3d 652, 666 (7th Cir. 2019) (affirming dismissal of claim for injunctive relief where plaintiff, despite being injured by challenged policies and procedures in the past, did not allege that they would be applied to him again in the future); *Knox v. McGinnis*, 998 F.2d 1405, 1413 (7th Cir. 1993); *see also Dorce v. City of New York*, 2 F.4th 82, 95 (2d Cir. 2021) ("It is clear that the existence of an official policy, on its own, is not sufficient to confer standing to sue for injunctive and declaratory relief on any individual who had previously been subjected to that policy, unless the individual can also show a sufficient likelihood of future harm." (cleaned up)).

Instead of putting forth evidence showing a substantial risk of future injury, Plaintiffs rely upon the court's motion to dismiss order holding that Plaintiffs had adequately alleged standing.[5] *See* [124] at 1–3; [127] at 14–15. The court's prior order, however, addressed a different standing challenge than the one currently at issue. Defendants' motion to dismiss argued that "Plaintiffs d[id] not allege that they suffered any harm" when they were subjected to the 2017 CBA's home-check provisions. [26] at 6; [33] at 2. Plaintiffs replied that "the Seventh Circuit rejected this very same argument" in *Pienta v. Village of Schaumburg*, 710 F.2d 1258 (7th Cir. 1983). [35] at 1–2. The court ultimately agreed with Plaintiffs and held that, under *Pienta*, the Plaintiffs had adequately alleged that they had been injured even though they had not attempted to violate the 2017 CBA's home-check provisions or been disciplined. [78] at 5–6. The court's order did not address whether Plaintiffs faced a substantial risk of harm in the future.

As a result, the court's prior holding does not dictate the conclusion on Defendants' current standing challenge. Whereas the issue raised in Defendants' motion to dismiss was whether Plaintiffs had alleged harm from when they were subjected to the home-check provisions in 2018, the issue now is whether they have put forward evidence showing that they face a substantial risk of having the 2020 CBA's home-check provision applied to them in the future. For the reasons explained above, Plaintiffs have not satisfied that burden.

Further, *Pienta*—the decision relied upon by the court in the motion to dismiss order and cited again by Plaintiffs in their summary judgment briefing—does not govern Defendants' current standing challenge. *Pienta* addressed a

---

[4] Also, although the 2017 CBA's home-check provisions were applied to Plaintiffs in 2018, Plaintiffs do not point to any evidence that the 2020 CBA's home-check provisions have ever been applied to them.

[5] Plaintiffs also purport to incorporate by reference the entirety of their earlier briefing on the motion to dismiss regarding standing. This is improper. *See Miller UK Ltd. v. Caterpillar, Inc.*, 17 F. Supp. 3d 711, 719 n.2 (N.D. Ill. 2014).

challenge to a local government's policy that required certain employees to be "confined to their homes" when taking certain types of leave. 710 F.2d at 1259. Pursuant to those regulations, the *Pienta* plaintiffs had been "confined to their homes" for "three to six months." *Id.* They alleged that this "violated their First, Fourth, Fifth, Ninth, and Fourteenth Amendment rights" and sought compensatory and punitive damages, as well as declaratory and injunctive relief. *Id.* The Seventh Circuit addressed standing in a single sentence: "Since these regulations prohibit the exercise of constitutional rights, plaintiffs have standing to challenge them without attempting to disobey." *Id.* at 1260.

*Pienta* does not apply here. *Pienta* addressed only the issue of whether being required to stay at home was sufficient to constitute injury where the *Pienta* plaintiffs had not tried to disobey the challenged regulations. *Id.* Indeed, Plaintiffs acknowledged as much in their motion to dismiss briefing when they asserted that Defendants' argument—that Plaintiffs had not alleged harm because Plaintiffs "did not allege specific instances in which they were disciplined for disobeying the policy"—was the "very same argument" addressed in *Pienta*. [35] at 1–2. This is supported by the fact that, in support of its standing holding, *Pienta* cited *Muller v. Conlisk*, 429 F.2d 901 (7th Cir. 1970). *Muller*, in turn, addressed whether a plaintiff had shown standing based upon "*present* infringement of his right to speak." 492 F.2d at 903 (emphasis added). Whether Plaintiffs were harmed when the 2017 CBA required them to stay at home in 2018 is not an issue presented by Defendants' present challenge; the issue is whether Plaintiffs have put forward sufficient evidence to show a certainly impending threat of injury pursuant to the 2020 CBA. *Pienta* did not address whether the plaintiffs faced a substantial risk of injury in the future.

Accordingly, Plaintiffs lack standing and the court does not have jurisdiction. The court therefore does not address the merits arguments raised by Defendants or Plaintiffs.

## CONCLUSION

For the reasons stated above, Defendants' motions for summary judgment are granted and Plaintiffs' motion for summary judgment is denied. Enter final judgment.

Dated: September 21, 2022                    /s/ Martha M. Pacold